IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SUSAN MARCES-CHAVELA**, | Case No. 3:19-cv-00842-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **GOD, UNITED STATES INTERNAL REVENUE SERVICE, ESTATE OF MATTIE MAULTSBY,** and **ESTATE OF IRENE AMSEL**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Susan Marces-Chavela ("Marces-Chavela") filed *pro se* claims against Defendants God, the Internal Revenue Service, the Estate of Mattie Maultsby, and the Estate of Irene Amsel. Service of process has not yet occurred. Additionally, Plaintiff filed an application to proceed *in forma pauperis*. ECF 1. The Court grant's Marces-Chavela's application to proceed *in forma pauperis* but finds that even under the liberal pleading standards afforded a *pro se* plaintiff, Marces-Chavela fails to state a claim upon which relief may be granted. Accordingly, for the reasons stated below, this case is dismissed.

**STANDARDS**

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the Court determines that the action is "frivolous or malicious" or the

complaint "fails to state a claim upon which relief can be granted." 28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (discussing an earlier version of the statute); *Jackson v. Arizona*, 885 F.2d 881, 882 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325; *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882 (9th Cir. 1991); *Jackson*, 885 F.2d at 640. The term "frivolous," when used to describe a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

A complaint fails to state a claim when there is no cognizable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Baca*, 652 F.3d at 1216 (emphasis added). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

*Pro se* plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation and internal quotation marks omitted). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike state courts, which are courts of general jurisdiction, federal courts may only exercise jurisdiction in certain kinds of cases as authorized by the United States Constitution and Congress. *See id.*; *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (en banc). Federal courts have jurisdiction over two primary categories of cases: (1) "federal question" cases; and (2) "diversity of citizenship" cases. A "federal question" case involves the Constitution or a federal law or treaty. *See* 28 U.S.C. § 1331. A "diversity of citizenship" case involves citizens of different states where the amount of damages is more than $75,000. *See* 28 U.S.C. § 1332(a)(1). When a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, it must dismiss the complaint, whether upon the motion of a party or sua sponte. *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015); *see also* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Plaintiff's Complaint is largely illegible and thus it is difficult to ascertain what claims she is bringing. Plaintiff names God as a defendant in her suit for "trillions" in damages. God is not a proper defendant in a court action and claims against God are dismissed with prejudice.

PAGE 3 – ORDER

Plaintiff's claim against the Internal Revenue Service appears to be a complaint that the IRS is "taxing [her] share of house profits." Plaintiff does not cite any statute, treaty, or constitutional provision at issue, however, that might give rise to jurisdiction in this court.

Under 28 U.S.C. s 7421(a), except in circumstances not relevant in this matter, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." In *Enochs v. William Packing Co.*, 370 U.S. 1 (1962), the United States Supreme Court held, in applying this statute, that "only if it is then apparent that under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the district court is without jurisdiction, and the complaint must be dismissed." *Id.* at 7. Given the absence of factual allegations in Plaintiff's Complaint, an injunction here is inappropriate.

In Section II of her Complaint, Plaintiff checked the box for "federal question" as the basis of the Court's jurisdiction. Plaintiff does not appear to assert any basis for federal question jurisdiction. Rather, she appears to assert only that Defendants violated "U.S. law based on Ten Commandments" and "English Common Law." She also appears to make a claim for loss of consortium, but cites no federal statute, rule, or constitutional provision to support federal question jurisdiction.

Plaintiff also filled out the portion of the Complaint describing the citizenship of the parties. The Court understands this as an attempt to establish this Court's jurisdiction on the basis of diversity of citizenship. Where the Complaint asks for the citizenship of the defendant, however, Marces-Chavela lists only Defendant God and asserts that God is a citizen of "all" states and "all" foreign nations. She does not list the citizenship of the other Defendants.

Accordingly, Plaintiff has not adequately alleged complete diversity of citizenship that could give rise to jurisdiction in this Court.

Even interpreting Plaintiff's Complaint under the liberal *pro se* pleading standard and affording Plaintiff "the benefit of any reasonable doubt," the Complaint contains no facts that could support a cause of action. Thus, the Complaint fails to state a claim on which relief may be granted and is frivolous. *See* U.S.C. § 1915(e)(2).

## CONCLUSION

Plaintiff's application to proceed *in forma pauperis* (ECF 1) is GRANTED. Plaintiff's Complaint (ECF 2) fails to state a claim upon which relief can be granted and this case is dismissed *sua sponte*. Plaintiff's claim against God is dismissed with prejudice. Plaintiff's claims against the other defendants are dismissed without prejudice.

**IT IS SO ORDERED.**

DATED this 20th day of September, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge